SANDY VAN, ESQ.
Nevada Bar No. 10785
VAN LAW FIRM
8275 S. Eastern Ave., Suite 200
Las Vegas, Nevada 89123
(702) 529-1011 Telephone
(702) 800-4662 Facsimile
sandy@vanlawfirm.com Email
*Attorney for Plaintiff Ann Le*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| ANN LE, an individual, | ) |
| Plaintiff, | ) CASE NO. |
| vs. | ) |
| MBF LEASING, LLC, a New York Limited Liability Company, NORTHERN LEASING SYSTEMS, INC., a New York Corporation, JOSEPH I. SUSSMAN, P.C., a New York Professional Corporation, JOSEPH I. SUSSMAN, an individual, ARI A. ERDFARB, an individual, and DOES 1-10, | ) COMPLAINT FOR AN ) ACCOUNTING AND VIOLATIONS ) OF THE FAIR DEBT COLLECTION ) PRACTICES ACT |
| Defendants. | ) |

COMES NOW, Plaintiff ANN LE, (hereinafter "Plaintiff"), an individual, hereby brings the underlying against the above-named Defendants, and alleges as follows:

### **PARTIES**

1. Plaintiff is, and at all times mentioned hereinafter was, an individual residing in the County of Clark, State of Nevada.

2. Defendant MBF LEASING LLC (hereinafter "Defendant MBF"), is, and at all times mentioned hereinafter was, a New York Limited Liability Company conducting business within the County of Clark, State of Nevada.

1

3. Defendant NORTHERN LEASING SYSTEMS INC., (hereinafter "Defendant Northern"), is, and at all times mentioned hereinafter was, a New York Corporation conducting business within the County of Clark, State of Nevada.

4. Defendant JOSEPH SUSSMAN, P.C.., (hereinafter "Defendant Sussman P.C."), is, and at all times mentioned hereinafter was, a New York Professional Corporation conducting business within the County of Clark, State of Nevada.

5. Defendant JOSEPH SUSSMAN (hereinafter "Defendant Joseph"), is, and at all times mentioned hereinafter was, an individual residing in the State, County, and City of New York and an attorney licensed in the State of New York.

6. Defendant ARI A. ERDFARB (hereinafter "Defendant Erdfarb"), is, and at all times mentioned hereinafter was, an individual residing in the State, County, and City of New York and an attorney licensed in the State of New York.

7. The true and capacities of Defendants named herein as DOES 1-10, whether individual, corporate, business entities, associates or otherwise, are set forth herein as unknown to Plaintiff, who therefore sue said Defendants by such fictitious names.

8. Plaintiff is informed and believes, and therefore alleges, that each of the Defendants designated herein as DOES 1-10, inclusive, are responsible in some manner for the events and happenings herein referred to and negligently, fraudulently, or in breach of contract caused injury and damages thereby to the Plaintiff as herein alleged.

9. Plaintiff will ask leave of this Court to amend this Complaint to insert the true names and capacities of said Defendants DOES 1-10 when the same have been ascertained by Plaintiff, together with appropriate charging allegations, and to join such Defendants in this action.

**JURISDICTION AND VENUE**

10. This is a civil action seeking damages and injunctive relief for Violation of The Federal Fair Debt Collection Practices Act, 15 USC §1692, et. al, ("FDCPA"). This Court

therefore has federal question jurisdiction pursuant to 28 U.S.C. §1331. Venue is appropriate because the conduct complained of in the underlying complaint occurred within the Court's jurisdiction.

## GENERAL ALLEGATIONS

11. The facts surrounding the underling action involve highly illegal conduct which was carried out by Defendant Northern who then perpetuated this conduct through affiliated entities and individuals, namely Defendants MBF, Sussman, P.C., Joseph, and Erdfarb (collectively referred to as "these defendants" or "defendants"). The audaciousness of the conduct described in this complaint cannot be overstated.

12. The conduct complained of herein parallels the same illegal collection tactics engaged in by these defendants which resulted in the Attorney General of the State of New York previously filing suit against them. The lawsuit filed by the Attorney General resulted in a March 2013 settlement wherein these defendants were required to disgorge more than $3.6 million dollars stolen from consumers. In addition, these defendants were required to abstain from attempting to collect on $7 million of debt which was allegedly owed to them by their former customers. Plaintiff is part of the group of customers whose debt falls within this $7 million uncollectable debt.

13. In or around October of 2005, Plaintiff entered into an Equipment Finance Agreement with Defendant MBF, (Attached as Exhibit "A" to this complaint is a true and correct copy of this agreement which is incorporated by reference as if fully set forth herein). Plaintiff was unable to complete performance of the terms of Exhibit "A" due to the fact that the terms were both punitive and illegal.

14. As a result of Plaintiff's inability to perform under the agreement, in or around February of 2008, a New York lawsuit was mailed to her which attached and incorporated a copy of Exhibit "A" (Attached as Exhibit "B" to this complaint is a true and correct copy of this lawsuit which is incorporated by reference as if fully set forth herein). As reflected in Exhibit

"B", the lawsuit demanded $6,089.71 with interest from 5/1/2007 as well as attorney's fees in the amount of $1,217.94. Exhibit "A" is in violation of §1692i(a)(2) of the FDCPA in that these defendants can only bring a legal action in the judicial district in which Plaintiff signed the contract. Such judicial district would be in Orange County, California.

15. In March of 2013, these defendants entered into a settlement agreement with the Attorney General of the State of New York wherein they agreed not to attempt to collect approximately $7 million allegedly owed by their former customers. Through entering into this settlement agreement, these defendants were barred from undertaking any efforts to collect any portion of this $7 million. The amount allegedly owed by Plaintiff represents a portion of this $7 million.

16. Despite the above, in or around November 18, 2014, Defendant MBF, (under instruction of Defendant Northern), sent a letter to Plaintiff demanding payment in the amount of "$6,089.71." Included with this correspondence was a copy of Exhibit "B" which had been prepared and/or executed by Defendants Sussman P.C., Joseph, and Erdfarb (Attached as Exhibit "C" to this complaint is a true and correct copy of this November 18, 2014 correspondence which is incorporated by reference as if fully set forth herein). Another letter followed on December 3, 2014 which was entitled "PRE-JUDGMENT NOTICE" and which demanded "$13,754.65" (Attached as Exhibit "D" to this complaint is a true and correct copy of this December 3, 2014 correspondence which is incorporated by reference as if fully set forth herein).

## FIRST CAUSE OF ACTION
## ACCOUNTING
## AGAINST ALL DEFENDANTS

17. Plaintiff repeats and realleges and incorporates by reference the allegations contained in paragraphs 1-16.

18. Defendants have held themselves out to be Plaintiff's assigned creditors. As a result of this purported relationship with Plaintiff, these defendants have a duty to Plaintiff to

properly account for monies owed and to explain to Plaintiff as to why the monies purportedly owed by Plaintiff are not barred from collection pursuant to the settlement agreement previously entered into with the Attorney General of the State of New York.

19. Defendants, and each of them, should be ordered to provide a written accounting of all sums allegedly due under the terms of Exhibit "A" and also to offer an explanation as to why the amount allegedly owed by Plaintiff is not barred from collection as a result of the March 2013 settlement with the Attorney General of the State of New York.

## SECOND CAUSE OF ACTION
## VIOLATION OF THE FEDERAL FAIR DEBT COLLECTION PRACTICES ACT (FDCPA), 15 U.S.C. §1692 ET. AL
## AGAINST ALL DEFENDANTS

20. Plaintiff repeats and realleges and incorporates by reference the allegations contained in paragraphs 1-19.

21. Defendants conduct was negligent or willful or both, rendering them liable for engaging in harassment and abuse, as specifically described above, in an attempt to collect on a debt in violation of §1692d.

22. Defendants conduct was negligent or willful or both, rendering them liable for employing false, deceptive, and misleading representations in an attempt to collect on a debt and for falsely reporting the debt to credit reporting bureaus and agencies in violation of §1692e.

23. Defendants' conduct was negligent or willful or both, rendering them liable for attempting to collect fees, interest, and expenses, as specifically described above, from Plaintiff through unfair practices in violation of §1692f.

24. Defendants' conduct was negligent or willful or both, rendering them liable for failure to provide proper verification of the debt, as specifically described above, to the Plaintiff before preparing a lawsuit in violation of §1692g.

25. Defendants' conduct was negligent or willful or both, rendering them liable for failure to prepare a lawsuit so that action would be heard in the judicial district in which Plaintiff executed the contract in violation of §1692i.

26. As a result of the foregoing violations, defendants, and each of them, are liable to Plaintiff for actual damages, including general damages and special damages as well as statutory damages $1,000.00 per violation of the FDCPA, as well as Plaintiff's costs and attorney's fees pursuant to 15 USC 1692k.

Wherefore, Plaintiff prays for the following relief;

1. For an accounting;
2. For general and special damages in an amount to be proved at the time of trial;
3. For statutory damages in the amount of $1,000 for each violation of the FDCPA and as allowed pursuant to 15 USC §1692k;
4. For costs and reasonable attorney's fees pursuant to 15 USC §1692k;
5. For such other relief the Court deems just and proper.

DATED April 28, 2015.

VAN LAW FIRM

*signature*

SANDY VAN, ESQ.
Nevada Bar No. 10785
8275 S. Eastern Ave., Suite 200
Las Vegas, Nevada 89123
(702) 529-1011 Telephone
(702) 800-4662 Facsimile
sandy@vanlawfirm.com Email
*Attorney for Plaintiff Ann Le*