UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| ANN LE,<br><br>　　　　　　　Plaintiff(s),<br><br>　v.<br><br>MBF LEASING, LLC, et al.,<br><br>　　　　　　　Defendant(s). | Case No. 2:15-CV-861 JCM (GWF)<br><br>ORDER |

Presently before the court is defendants MBF Leasing, LLC ("MBF") and Northern Leasing Systems, Inc.'s ("NLS") motion to dismiss. (Doc. # 6). Plaintiff Ann Le filed a response in opposition (doc. # 8), and defendants filed a reply. (Doc. # 12).

Also before the court is plaintiff Ann Le's motion for leave to file an amended complaint. (Doc. # 25). Defendants filed a response (doc. # 30), and plaintiff filed a reply. (Doc. # 34).

　　　　　A.　　Defendant's motion to dismiss

Plaintiff in this matter alleges a claim under the Fair Debt Collection Practices Act ("FCDPA"), as well as a claim for an accounting. She alleges she entered into an equipment finance agreement with NLS, which agreement was eventually assigned to defendant MBF.[1] As a result of her inability to perform under the contract, she was sent a demand letter for money damages by MBF. She alleges that this action violates the FDCPA.

Defendants argue, amongst other things, that the court should dismiss this action based on improper venue pursuant to Federal Rule of Civil Procedure 12(b)(3). In support of their motion, defendants refer to a clause of the equipment finance agreement between plaintiff and defendants which states, "all actions, proceedings, or litigation brought by lessor or lessee or any guarantor

---

[1] Plaintiff is a personal guarantor to the contract, which was executed between NLS and plaintiff's business, Wei Yang Co, Inc.

**James C. Mahan**
**U.S. District Judge**

shall be instituted and prosecuted in [the county of New York, state of New York and city of New York]." (Doc. # 1-1 at 5).

Forum selection clauses in contracts are "presumptively valid; the party seeking to avoid a forum selection clause bears a 'heavy burden' to establish a ground upon which [the court] will conclude the clause is unenforceable." *Doe 1 v. AOL LLC*, 552 F.3d 1077, 1083 (9th Cir. 2009) (citing *M/S Bremen v. Zapata Off–Shore Co.*, 407 U.S. 1, 17 (1972)). A forum selection clause is unenforceable "if enforcement would contravene a strong public policy of the forum in which suit is brought, whether declared by statute or by judicial decision." *M/S Bremen*, 407 U.S. at 15.

Plaintiff has not offered any grounds upon which the court can conclude the clause is unenforceable. *See Doe 1*, 552 F.3d at 1082. Instead, plaintiff argues that FRCP 12(b)(3) is the wrong vehicle for seeking dismissal under a forum selection clause. She argues that defendants have not shown that venue is wrong or improper by simply alleging the existence of a forum selection clause, citing *Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas*, 134 S. Ct. 568, 580 (2013).

Plaintiff is correct that Rule 12(b)(3) is the wrong mechanism for enforcing a forum selection clause. *See id.* The Supreme Court recently held that the appropriate vehicle for enforcing a forum selection clause pointing to a state forum, as is the case here, is the doctrine of *forum non conveniens. See id.* The court will therefore construe defendants' forum selection clause argument as a motion to dismiss under the doctrine of *forum non conveniens*.

The Supreme Court also held that the standard for determining whether an action should be dismissed based on a forum selection clause pointing to a state forum is the same as the standard a court considers when considering a motion to transfer pursuant to 28 U.S.C. § 1404 based on a forum clause that points to a different federal forum. Section 1404 allows for transfer to another federal district when the convenience of parties and witness or the interests of justice are served. *See* 28 U.S.C. § 1404. It "requires that a forum-selection clause be "given controlling weight in all but the most exceptional cases." *Atl. Marine Const. Co.* at 579 (quoting *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 33 (1988)).

Here, plaintiff has offered no grounds upon which the court can conclude that the forum selection clause in the equipment lease agreement is unenforceable or not valid. Furthermore, plaintiff has not shown that this is an exceptional case in which inconvenience to plaintiff, the

**James C. Mahan**
**U.S. District Judge**

- 2 -

interests of justice, convenience to a witness, or any other valid factor warrants giving the forum selection clause less than controlling weight. *See Atl. Marine Const. Co.*, 134 S.Ct. at 579.

The action will therefore be dismissed pursuant to the valid forum selection clause in the contract between the parties and the doctrine of *forum non conveniens*.[2] Plaintiff's complaint will be dismissed without prejudice.

*B. Plaintiff's motion to amend and other motions on the docket*

Plaintiff's motion to amend does not address the forum selection clause issue on which the court is dismissing this action. (*See* doc. # 25). Similarly, the proposed amended complaint does not cure the deficiency in the pleading. (*See* doc. # 26 at 12–20). The court finds that amendment is therefore futile, and the motion to amend will be denied. *See Foman v. Davis*, 371 U.S. 178, 181 (1962).

Plaintiff has filed several motions for default judgment against defendants Ari A. Erdfarb, Joseph I. Sussman, and Joseph I. Sussman, P.C. (Doc. ## 20, 21, and 22). The defendants argue that they were never properly served and have filed a motion to dismiss, also alleging violation of the forum selection clause. (Doc. # 23). Because the complaint in this matter has been dismissed, there is no basis for a default judgment. Plaintiff's motions will be dismissed as moot. Defendant's motion to dismiss the complaint is similarly moot.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendants MBF Leasing, LLC and Northern Leasing Systems, Inc.'s motion to dismiss (doc. # 6) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that the complaint (doc. # 1) be, and the same hereby is, DISMISSED without prejudice.

IT IS FURTHER ORDERED that plaintiff Ann Le's motion for leave to file an amended complaint (doc. # 25) be, and the same hereby is, DENIED.

---

[2] "A district court . . . may dispose of an action by a *forum non conveniens* dismissal, bypassing questions of subject-matter and personal jurisdiction, when considerations of convenience, fairness, and judicial economy so warrant." *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.,* 549 U.S. 422, 432 (2007). The court finds that considerations of convenience, fairness, and judicial economy warrant the disposition of this action by *forum non conveniens* without first considering questions of subject matter and personal jurisdiction.

**James C. Mahan**
**U.S. District Judge**

- 3 -

IT IS FURTHER ORDERED that plaintiff Ann Le's motions for default judgment against defendants Ari A. Erdfarb (doc. # 22), Joseph I. Sussman (doc. # 21), and Joseph I. Sussman, P.C. (doc. # 20) be, and the same hereby are, DENIED as moot.

IT IS FURTHER ORDERED that defendants Ari A. Erdfarb, Joseph I. Sussman, and Joseph I. Sussman, P.C.'s motion to dismiss (doc. # 23) be, and the same hereby is, DENIED as moot.

The clerk shall enter judgment accordingly and close the case.

DATED March 29, 2016.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 4 -